[Civ. No. 8111. Third Dist. Apr. 27, 1953.]

KENNETH ALFRED BUTTS, Appellant, v. CHARLES E. CUMMINGS et al., Respondents.

J. A. Ratchford for Appellant.

Murphy, Brownscombe & Gleason and F. M. Passalacqua for Respondents.

PEEK, J.—This is an appeal by plaintiff from an adverse judgment in an action to quiet title to certain property situated on the Russian River in Sonoma County. It is his contention (1) that under the evidence he was entitled to judgment as a matter of law and (2) that the boundary lines defining defendants' property lacked definiteness and certainty. From an examination of the record before us it appears that plaintiff's contentions are not well founded and that the judgment of the trial court must be sustained.

The lands of the parties herein were originally held in common ownership under what was then known as the Sotoyome Grant. Since that time various conveyances have been made with the result that at the present time plaintiff's lands lie to the west and defendants' lands lie to the east of the Russian River.

The present action arose as the result of the eastward movement of the Russian River, which at the time of trial was about 1,500 feet easterly of its original position in 1856, when the lands were held in common ownership. The area embraced by the action is a strip, mostly a gravel bar, lying between the original and present day channels of the river. At the conclusion of the hearing the trial court found that the change in the course of the river was not by imperceptible degrees but rather was the result of a sudden change by reason of the effect of flood waters upon the eastern bank of the river. Judgment was thereupon entered accordingly in favor of defendants, and plaintiff appeals.

Plaintiff's argument in support of his first contention is, as stated in his opening brief, that "The record before the court leaves no doubt that over the years, from natural causes, *and in the area involved,* the Russian River has persistently, consistently, and imperceptibly shifted eastward, and that the channel of the river is now several hundred feet east of where it was located in 1857."

In so arguing, plaintiff has completely disregarded the evidence to the contrary. It would seem unnecessary for this court to extensively summarize the evidence in support of the judgment. Suffice it to say that not alone do the terms of the conveyances of plaintiff's predecessors in interest and those of defendants reveal sudden changes in the course of the river, but also does the testimony of numerous elderly persons who testified from their own knowledge concerning such sudden changes. In view of the ample evidence in this regard it would seem unnecessary to add that plaintiff is, at the outset, confronted with the primary rule on review (see *Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689]), and hence his first contention is wholly without merit.

 Since the evidence amply supports the conclusion of the trial court that the change in the course of the river was not by imperceptible degrees but rather that it was by a sudden change of said course resulting from the effect of flood waters, the trial judge properly applied the doctrine of avulsion rather than that of accretion. (*Wholey* v. *Caldwell,* 108 Cal. 95 [41 P. 31, 49 Am.St.Rep. 64, 30 L.R.A. 820]; *McKissick Cattle Co.* v. *Alsaga,* 41 Cal.App. 380 [182 P. 793].)

 In the case last cited this court stated at page 387, 388 that

". . . when, solely by the act of Providence, the channel of riparian waters has been so changed as that such waters

cease to flow over and across the lands of a riparian owner—that is to say, when such waters cease through the operation of some natural force to pursue their accustomed course and in consequence cease to flow in a portion of that natural channel, which portion of such channel passes or crosses over certain lands—then in that case the owner of such lands loses the role of a riparian owner.''

See, also, McKinney on Irrigation Water Rights, 2d ed., vol. 1, pp. 931, 932.

Plaintiff's second contention attacks the boundary lines laid down by the court as being indefinite and uncertain. However, it is apparent from the record that the description so attacked relates solely to the property of defendants and hence is of no concern to the plaintiff.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.